UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SAMIEN BISSESSAR,

                Plaintiff,            **REPORT & RECOMMENDATION**
                                                                  **19 CV 7063 (PKC)(LB)**

    -against-

RADIUS GLOBAL SOLUTIONS,

                Defendant.
---------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        Plaintiff has failed to appear at two Court-ordered conferences. Despite being given notice and the opportunity to proceed in this action, he has not responded to the Court's Orders. I therefore respectfully recommend that plaintiff's action should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

## BACKGROUND

        On or about November 15, 2019, plaintiff Samien Bissessar commenced this *pro se* action in Queens County Civil Court against defendant Radius Global Solutions, alleging that defendant negligently reported false information on plaintiff's credit report. See ECF No. 1-2 at 5. Defendant removed plaintiff's case from Queens County Civil Court to the Eastern District on December 17, 2019. ECF No. 1. The case was referred to me for all pretrial purposes. See Dkt. Entry 12/17/2019. On December 23, 2019, defendant filed an answer and served a copy of its answer on plaintiff via U.S. Mail. See ECF No. 4 at 3.

        On January 13, 2020, the Court set the initial conference in this action for February 20, 2020. ECF No. 5. The Clerk of Court mailed the Court's scheduling order to plaintiff on January 15, 2020, at the address listed on the docket, which is the address listed on plaintiff's Notice of Claim. See ECF No. 1-2 at 5.

        The Court held the initial conference in this action on February 20, 2020. ECF No. 7. Attorney Aaron Easley timely appeared in Court on behalf of defendant; however, plaintiff failed

to appear at the conference. Id.[1] Plaintiff did not contact the Court or defendant's counsel to request an adjournment of the conference. Id. Nevertheless, in order to give plaintiff another chance to proceed, the Court scheduled another conference. Id.[2]

Plaintiff was ordered to timely appear for a June 3, 2020, telephone conference and to be prepared to show good cause for why he did not appear at the February 20, 2020, conference. ECF No. 9. Plaintiff was warned that if he failed to timely appear by telephone at the June 3, 2020, conference, or failed to contact defendant's counsel and the Court to request an adjournment in advance of the conference,[3] I would recommend that his case should be dismissed. Id.[4]

The Court held a telephonic conference in this action on June 3, 2020. Attorney Aaron Easley appeared on behalf of defendant by telephone; however, plaintiff failed to appear at the appointed time.[5] Defendant's counsel stated that he had not been contacted by plaintiff.

The Court did not receive an adjournment request from plaintiff regarding the June 3, 2020, conference. Plaintiff has not contacted the Court to show good cause for why he failed to appear at the February 20, 2020, conference. Indeed, plaintiff has not contacted the Court at all since this matter was removed. The Court's Orders have not been returned to the Court and are presumed to have reached plaintiff at the address he provided.

---

[1] The Court made defendant's counsel wait forty-five (45) minutes past the time when the conference was scheduled to start; however, plaintiff failed to appear at the conference. ECF No. 7.

[2] The Court originally scheduled the conference for March 20, 2020. ECF No. 7. However, on March 13, 2020, in light of the COVID-19 public health emergency, the Court adjourned the March 20, 2020, in-person conference *sine die* and directed defendant's counsel to communicate to plaintiff that the conference had been adjourned by every means available. ECF No. 8. The Clerk of Court also mailed plaintiff a copy of the Order on March 13, 2020. On May 8, 2020, the Court re-scheduled the adjourned conference for June 3, 2020, at 10:00 a.m., by telephone. ECF No. 9. The Clerk of Court mailed the May 8, 2020, Order to plaintiff on May 11, 2020.

[3] The Court advised plaintiff that, if he needed an adjournment, he could contact defendant's counsel to request that an adjournment request be electronically filed on his behalf as a courtesy. ECF No. 9 at 2 n.3.

[4] Plaintiff was similarly warned when the Court scheduled the March 20, 2020, conference that was adjourned to June 3, 2020. See ECF No. 7.

[5] The parties were ordered to call the Chambers telephone conference line at (888) 363-4734 and use the access code 4444221 promptly at 10:00 a.m. ECF No. 9.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court order. Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders . . . includ[ing] the following: . . . (v) dismissing the action or proceeding in whole or in part[.]"). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) (citations omitted); see also Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (noting that the failure of a *pro se* litigant to comply with court orders "may result in sanctions, including dismissal with prejudice.").

Plaintiff has failed to appear at two Court-ordered conferences, first, on February 20, 2020, and most recently, on June 3, 2020. The Court explicitly warned plaintiff that his case would be dismissed under Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A) if he failed to timely appear by telephone at the June 3, 2020, conference, or failed to contact defendant's counsel and the Court to request an adjournment in advance of the conference. ECF No. 9. Despite this warning, plaintiff did not contact defendant's counsel or the Court for an adjournment and did not appear at the June 3, 2020, conference. Plaintiff's failure to comply with the Court's Orders makes it impossible to proceed in this action. This is plaintiff's action to vindicate his rights. The Court need not afford plaintiff unlimited opportunities to litigate his claims, and scheduling another conference in this matter makes no sense. Plaintiff has apparently abandoned this action. No lesser sanction than dismissal is appropriate under these circumstances.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's action should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. The Clerk of Court is respectfully directed to mail plaintiff a copy of this Report.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/

Dated: June 5, 2020              LOIS BLOOM
       Brooklyn, New York        United States Magistrate Judge